HON. S. CLINTON HASTINGS, CHIEF JUSTICE.
  "    JOHN F. KINNEY,    }
  "    GEORGE GREENE,    } JUDGES.

---

### SPEAR *et al. v.* SPENCER.

Jurors who rendered a verdict against the defendants on an indictment, are not competent jurors in an action of trespass against the same defendants, involving the same questions, and in relation to the same subject matter; nor are they rendered competent by declaring upon their *voir dire* that they had not formed or expressed an opinion.

ERROR, *to Jones District Court.*

*W. G. Woodward* and *C. C. Rockwell,* for the plaintiffs in error, cited 2 Clerks N. Y. Digest, 318; 21 Wend. 509; 6 Cowen, 62, 65, 557; 1 John. 316; 4 Wend. 229; 14 ib. 131; 3 Bac. Ab. 757; Wharton's Am. Cr. L. 605, 612; 2 U. S. Dig. 686 et seq. §§ 11, 12, 13, 15, 17, 18, 27, 33, 34, 109; 14 S. & R. 292.

*J. P. Cook* and *I. M. Preston*, for the defendant. It is no ground of error that jurors were allowed to try this cause who had sat in a criminal cause against the same defendants, where the jurors (as in this case) upon their *voir dire* solemnly swear that they have not formed or expressed an opinion. See Wharton's Digest, 366; 2 U. S. Digest, 386. §§ 14, 15, 16, 19, 25 and 28.

*Opinion by* KINNEY, J. This was an action of trespass, tried at the September term of Jones County district court, 1847. It appears from the bill of exceptions that upon the day preceding the trial, a criminal cause was tried, in which the plaintiffs in error were convicted for an assault with intent to commit a bodily injury. It also appears from the bill of exceptions that the action of trespass was based upon the same facts, involving in the issue the same transactions, as those tried and determined in the criminal cause, upon which the defendants had been found guilty.

An objection was made to six of the jurors, by the defendants alleging their incompetency upon the ground that they were jurors in the trial upon the indictment, and had expressed through their verdict their opinion. These jurors were placed upon their *voir dire*, and being informed that the civil cause was in relation to the same facts as the one which they had tried, said that they had not formed or expressed any opinion.

Whereupon the court annulled the objection to the jurors, and the cause was tried, and a verdict of guilty returned against the defendants.

The action of the court in overruling this objection is assigned for error.

The counsel for defendants in error insist that as the jurors brought themselves within the test, by stating under oath that they had not formed or expressed any opinion in the case, that they were competent jurors. This is a rule which has been universally adopted in our courts, the object of which is to satisfy the court that the jurors have neither

formed nor expressed any opinion, and are, therefore, free
from bias, feeling, or prejudice. While, therefore, we would
not innovate upon this well-established practice, still we
cannot but conclude that in this case there was no necessity
for the court's resorting to this test, as it must have been
apparent that the jurors could not thus free their minds
from those feelings of prejudice and disfavor, which the
testimony, arguments, and verdict of an exciting criminal
cause must have produced.

If the six jurors were competent, then the entire pannel
that tried and convicted the same defendants in the criminal
prosecution was a competent pannel in the civil action de-
pending upon the same facts and proof; and as the jury in a
criminal cause must be satisfied beyond a reasonable doubt
of the guilt of the defendants, before they are authorized to
return a verdict of " Guilty," and as in a civil cause the
preponderance of testimony forms the basis of the verdict,
it appears to us that a verdict against the defendants in a
civil cause, depending upon the same facts as those upon
which they had been convicted upon on indictment, would
be inevitable, providing both are tried by the same jury.

It should be a primary object with the court, in the
administration of justice, to preserve the purity of the jury
box, and, if possible, to prevent persons from sitting as
jurors upon the rights and liberties of men, where prejudice,
feeling, or preconceived opinions, are to influence a verdict,
which ought always to be impartial and the legitimate re-
sult of law and evidence.

While the competency of jurors is left to the discretion
of the court, it ought always, in order to give the parties
the benefit of an impartial trial, to prevent those men from
becoming jurors, who, it appears, have formed an opinion,
or whose minds are corrupted with improper prejudice and
feeling, although they may say upon oath that they are free
from these disabilities. Without this salutary check, the
purity of jury trials cannot be preserved, nor the rights of
parties properly maintained.

In the case before us, six of the jurors who had tried and convicted the defendants upon an indictment. involving the same questions and facts, were permitted to sit as jurors; and as we think it was impossible for them not to have formed an opinion upon the same matter involved in the issue at law, (although they, may innocently have thought differently,) yet we are fully satisfied that they were incompetent jurors, and that it should have been so ruled by the court.

The judgment of the court below is reversed, and a *venire de novo* awarded.